UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
UNITED STATES OF AMERICA,                                          :
:
: Case No.: 12-cv-1866
-v-                                                            :
:
ALL FUNDS AND OTHER PROPERTY                                       :
ON DEPOSIT IN THE NINETEEN BANK                                    :
ACCOUNTS LISTED ON ATTACHMENT A,                                   :
AND ALL PROPERTY TRACEABLE THERETO,                                :
:
and                                                                :
:
ALL RIGHT, TITLE AND INTEREST                                      :
IN THE SEVEN PIECES OF REAL PROPERTY                               :
LISTED IN ATTACHMENT B, WITH ALL                                   :
IMPROVEMENTS, ATTACHMENTS AND                                      :
EASEMENTS THEREON,                                                 :
:
-------------------------------------------------------------------x

## ANSWER OF CLAIMANTS PADMA ALLEN, REDDY ALLEN, AND TECHNODYNE LLC

Claimants Padma Allen, Reddy Allen, and Technodyne LLC, by and through undersigned counsel, answer the allegations in Plaintiff's Complaint as follows:

### Nature of the Action

1. Claimants admit that this is an action seeking forfeiture. The remaining allegations are denied.

2. Claimants admit that the bank accounts have been frozen but deny the remaining allegations.

### Jurisdiction and Venue

3. Claimants lack sufficient knowledge or information to enable them to answer the allegations contained in paragraph 3 and therefore deny each and every allegation.

4.     Claimants lack sufficient knowledge or information to enable them to answer the allegations contained in paragraph 4 and therefore deny each and every allegation.

### Probable Cause for Forfeiture

5.     Claimants lack sufficient knowledge or information to enable them to answer the allegations contained in paragraph 5 and therefore deny each and every allegation.

6.     Claimants lack sufficient knowledge or information to enable them to answer the allegations contained in paragraph 6 and therefore deny each and every allegation.

7.     Admitted.

8.     Claimants lack sufficient knowledge or information to enable them to answer the allegations contained in paragraph 8 and therefore deny each and every allegation.

9.     Denied.

10.    Denied.

11.    Admitted as to the allegation that Technodyne hired sub-subcontractors.  As to the remaining allegations, Claimants lack sufficient knowledge or information to enable them to answer the remaining allegations contained in paragraph 11 and therefore deny those allegations.

12.    Denied.

13.    Claimants Padma and Reddy Allen admit they left the United States. The remaining allegations are denied.

14.    Claimants admit that a grand jury issued a superseding Indictment charging them with criminal offenses.  Claimants deny the remaining allegations as they contain statements of law that require no answer.  Further, Claimants deny the allegation that they remain in India in an effort to avoid prosecution.

15.    Denied.

THE DEFENDANT BANK ACCOUNTS

I. Accounts at Bank of America

ACCOUNT NUMBER 472900440, HELD IN THE NAME OF TECHNODYNE (the "BoA 4400 Account")

16.  Admitted.

17.  Denied.

    a.  Claimants admit the allegations of paragraph 17(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    b.  Claimants admit the allegations of paragraph 17(b), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    c.  Claimants admit the allegations of paragraph 17(c), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    d.  Claimants admit the allegations of paragraph 17(d), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    e.  Claimants admit the allegations of paragraph 17(e), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    f.  Claimants admit the allegations of paragraph 17(f), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    g.  Claimants admit the allegations of paragraph 17(g), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

ACCOUNT NUMBER 9505241812, HELD IN THE NAME OF TECHNODYNE LLC (the "BoA 1812 Account")

18. Admitted.

19. Denied.

    a. Claimants admit the allegations of paragraph 19(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    b. Claimants admit the allegations of paragraph 19(b), but deny any suggestion that any transfers were used for an illegal or illicit purpose

    c. Claimants admit the allegations of paragraph 19(c), but deny any suggestion that any transfers were used for an illegal or illicit purpose

    d. Claimants admit the allegations of paragraph 19(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    e. Claimants admit the allegations of paragraph 19(e), but deny any suggestion that any transfers were used for an illegal or illicit purpose

<u>ACCOUNT NUMBER 9505241820, HELD IN THE NAME OF TECHNODYNE LLC</u>
(the "BoA 1820 Account")

20. Admitted.

21. Denied.

    a. Claimants admit the allegations of paragraph 21(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    b. Claimants admit the allegations of paragraph 21(b), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    c. Claimants admit the allegations of paragraph 21(c), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    d. Claimants admit the allegations of paragraph 21(d), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  e. Claimants admit the allegations of paragraph 21(e), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  f. Claimants admit the allegations of paragraph 21(f), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  g. Admitted.

ACCOUNT NUMBER 9476948965, HELD IN THE NAME OF TECHNODYNE LLC
(the "BoA 8965 Account")

22. Admitted.

23. Denied.

  a. Claimants admit the allegations of paragraph 23(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  b. Claimants admit the allegations of paragraph 23(b), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  c. Claimants admit the allegations of paragraph 23(c), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

ACCOUNT NUMBER 4032028150, HELD IN THE NAME OF KAVERI
INTERNATIONAL INC D/B/A MCCREADE INFORMATION TECHNOLOGY (the "BoA
8150 Account")

24. Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 24 and therefore deny each and every allegation.

25. Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 25 and therefore deny each and every allegation.

  a. Claimants admit the allegations of paragraph 25(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

      1. Claimants admit the allegations of paragraph 25(a)(1), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

      2. Claimants admit the allegations of paragraph 25(a)(2), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

      3. Claimants admit the allegations of paragraph 25(a)(3), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

      4. Claimants admit the allegations of paragraph 25(a)(1), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

      5. Claimants admit the allegations of paragraph 25(a)(5), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

      6. Claimants admit the allegations of paragraph 25(a)(6), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

   b. Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 25(b) and therefore deny each and every allegation.

   c. Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 25(c) and therefore deny each and every allegation.

   d. Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 25(d) and therefore deny each and every allegation.

   e. Claimants admit the allegations of paragraph 25(e), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

   f. Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 25(f) and therefore deny each and every allegation.

  g. Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 25(g) and therefore deny each and every allegation.

  h. Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 25(h) and therefore denies the allegation.

<u>ACCOUNT NUMBER 4032023159, HELD IN THE NAME OF PADMA S. ALLEN OR VENKATAPPA R. ALLEN (the "BoA 3159 Account")</u>

26. Admitted.

27. Denied.

  a. Claimants admit the allegations of paragraph 27(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  b. Claimants admit the allegations of paragraph 27(b), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  c. Claimants admit the allegations of paragraph 27(c), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  d. Claimants admit the allegations of paragraph 27(d), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  e. Claimants admit the allegations of paragraph 27(e), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  f. Claimants admit the allegations of paragraph 27(f), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

II. Accounts at Capital One

<u>ACCOUNT NUMBER 5314001008, HELD IN THE NAME OF TECHNODYNE LLC (the "Capital One 1008 Account")</u>

28. Admitted.

29. Denied.

    a. Claimants admit the allegations of paragraph 29(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    b. Claimants admit the allegations of paragraph 29(b), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    c. Claimants admit the allegations of paragraph 29(c), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    d. Claimants admit the allegations of paragraph 29(e), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    e. Claimants admit the allegations of paragraph 29(e), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

<u>ACCOUNT NUMBER 4244009710, HELD IN THE NAME OF TECHNODYNE LLC</u>
(the "Capital One 9710 Account")

30. Admitted.

31. Denied.

    a. Claimants admit the allegations of paragraph 31(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    b. Claimants admit the allegations of paragraph 31(b), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    c. Claimants admit the allegations of paragraph 31(c), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

    d. Claimants admit the allegations of paragraph 31(d), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  e. Claimants admit the allegations of paragraph 31(e), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  f. Claimants admit the allegations of paragraph 31(f), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  g. Claimants admit the allegations of paragraph 31(g), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

<u>ACCOUNT NUMBER 4244009736, HELD IN THE NAME OF TECHNODYNE, LLC</u>
(the "Capital One 9736 Account")

32. Admitted.

33. Denied.

  a. Claimants admit the allegations of paragraph 33(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  b. Claimants admit the allegations of paragraph 33(b), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  c. Claimants admit the allegations of paragraph 33(c), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  d. Claimants admit the allegations of paragraph 33(d), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  e. Claimants admit the allegations of paragraph 33(e), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

  f. Claimants admit the allegations of paragraph 33(f), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

<u>III. Accounts at Fidelity</u>

<u>ACCOUNT NUMBER X24-994634, HELD IN THE NAME OF PADMA S. ALLEN AND REDDY V. ALLEN (the "Fidelity 4634 Account")</u>

34.     Admitted.

35.     Denied.

     a.     Claimants admit the allegations of paragraph 35(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

IV. Accounts at HSBC

<u>ACCOUNT NUMBER 048895270, HELD IN THE NAME OF TECHNODYNE LLC (the "HSBC 5270 Account")</u>

36.     Admitted.

37.     Denied.

     a.     Claimants admit the allegations of paragraph 37(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

<u>ACCOUNT NUMBER 04884952, HELD IN THE NAME OF TECHNODYNE UNIVERSITY LLC (the "HSBC 4952 Account")</u>

38.     Admitted.

39.     Denied.

     a.     Claimants admit the allegations of paragraph 39(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

<u>ACCOUNT NUMBER 044895300, HELD IN THE NAME OF REDDY V. ALLEN and PADMA ALLEN (the "HSBC 5300 Account"); and
ACCOUNT NUMBER 048499439, HELD IN THE NAME OF REDDY ALLEN IN TRUST FOR RYAN ALLEN (the "HSBC 9439 Account")HSBC 5300 Account; HSBC 9439 Account</u>

40.     Admitted.

41.     Denied.

      a.      Claimants admit the allegations of paragraph 41(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

      b.      Claimants admit the allegations of paragraph 41(b), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

V. Accounts at PNC Bank

ACCOUNT NUMBER 8019108309, HELD IN THE NAME OF PADMA SACHI ALLEN (the "PNC 8309 Account"); and<br>
ACCOUNT NUMBER 8019112957, HELD IN THE NAME OF PADMA SACHI ALLEN (the "PNC 2957 Account")

42.    Admitted.

43.    Denied.

      a.      Claimants admit the allegations of paragraph 43(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

      b.      Claimants admit the allegations of paragraph 43(b), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

ACCOUNT NUMBER 802099866, HELD IN THE NAME OF SOUNDARYAMMA CHENNAREDDY (the "PNC 9866 Account")

44.    Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 44 and therefore deny each and every allegation.

45.    Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 45 and therefore deny each and every allegation.

      a.      Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 45(a) and therefore deny each and every allegation.

      b.      Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 45(b) and therefore deny each and every allegation.

V. Accounts at State Bank of India

ACCOUNT NUMBER 77606828420001, HELD IN THE NAME OF TECHNODYNE LLC (the "SBI 0001 Account")

46. Admitted.

47. Denied.

    a. Claimants admit the allegations of paragraph 47(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

VI. Accounts at TD Bank
ACCOUNT NUMBER 4733278877, HELD IN THE NAME OF PADMA ALLEN (the "TD Bank 8877 Account")

48. Admitted.

49. Denied.

    a. Claimants admit the allegations of paragraph 49(a), but deny any suggestion that any transfers were used for an illegal or illicit purpose.

The Defendant Properties

6 Little Place, Wayne, New Jersey 07470 (the "6 Little Place Property")

50. Admitted.

51. Denied.

    a. Claimants admit the allegations of paragraph 51(a), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

    b. Claimants admit the allegations of paragraph 51(b), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

      c.      Claimants admit the allegations of paragraph 51(c), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

      d.      Claimants admit the allegations of paragraph 51(d), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

      e.      Claimants admit the allegations of paragraph 51(e), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

<u>109 EAST SHEARWATER COURT, #12 JERSEY CITY, NEW JERSEY 07302 (the "109 East Shearwater Court Property")</u>

52.    Admitted.

53.    Denied.

      a.      Claimants admit the allegations of paragraph 53(a), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

      b.      Claimants admit the allegations of paragraph 53(b), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

      c.      Claimants admit the allegations of paragraph 53(c), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

      d.      Claimants admit the allegations of paragraph 53(d), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

<u>8018 BRITTANY DRIVE, WAYNE TOWNSHIP, NEW JERSEY 07470 (the "8018 Brittany Drive Property")</u>

54.    Admitted.

55.    Denied.

      a.      Claimants admit the allegations of paragraph 55(a), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

   b. Claimants admit the allegations of paragraph 55(b), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

   c. Claimants admit the allegations of paragraph 55(c), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

  595 VALLEY ROAD, WAYNE, NEW JERSEY (the "595 Valley Road Property")

56. Admitted.

57. Denied.

   a. Claimants admit the allegations of paragraph 57(a), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

   b. Claimants admit the allegations of paragraph 57(b), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

   c. Claimants admit the allegations of paragraph 57(c), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

   d. Claimants admit the allegations of paragraph 57(d), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

   e. Claimants admit the allegations of paragraph 57(e), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

  30 FREEDOM WAY, #301 JERSEY CITY, NEW JERSEY 07305 (the "30 Freedom Way Property")

58. Admitted.

59. Denied.

   a. Claimants admit the allegations of paragraph 59(a), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

  b. Claimants admit the allegations of paragraph 59(b), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

  c. Claimants admit the allegations of paragraph 59(c), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

  d. Claimants admit the allegations of paragraph 59(d), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

<u>1480 RATZER ROAD, WAYNE, NEW JERSEY 07470 (the "1480 Ratzer Road Property")</u>

60. Admitted.

61. Denied.

  a. Claimants admit the allegations of paragraph 61(a), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

  b. Claimants admit the allegations of paragraph 61(b), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

  c. Claimants admit the allegations of paragraph 61(c), but deny any suggestion that any transfers or payments were used for an illegal or illicit purpose.

<u>6 ARIEL COURT, PORT WASHINGTON, NEW YORK 11050 (the "6 Ariel Court Property")</u>

62. Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 62 and therefore deny each and every allegation.

63. Admitted.

64. Claimants lack sufficient knowledge or information to enable them to answer all allegations contained in paragraph 64 and therefore deny each and every allegation.

Claims for Forfeiture

18 U.S.C. § 981(a)(1)(C)

65.     Claimants repeats, as though fully set forth, each and every answer stated in paragraphs 1 through 64 above.

66.     Paragraph 66 is a statement of law that requires no answer.

67.     Paragraph 67 is a statement of law that requires no answer.

68.     Paragraph 68 is a statement of law that requires no answer.

69.     Paragraph 69 is a statement of law that requires no answer.

70.     Denied.

18 U.S.C. § (a)(1)(A)

71.     Claimants repeats, as though fully set forth, each and every answer stated in paragraphs 1 through 70 above.

72.     Paragraph 72 is a statement of law that requires no answer.

73.     Paragraph 73 is a statement of law that requires no answer.

74.     Paragraph 74 is a statement of law that requires no answer.

75.     Paragraph 75 is a statement of law that requires no answer.

76.     Paragraph 76 is a statement of law that requires no answer.

77.     Paragraph 77 is a statement of law that requires no answer.

78.     Paragraph 78 is a statement of law that requires no answer.

79.     Paragraph 79 is a statement of law that requires no answer.

80.     Paragraph 80 is a statement of law that requires no answer.

81. Denied.

82. Paragraph 74 is a statement of law that requires no answer.  To the extent that an answer is required, Claimants deny the allegations.

### First Affirmative Defenses- Failure to State a Claim

83. Claimants allege that the complaint in its entirety, and each and every separately states cause of action or claim contained therein, fails to state facts sufficient to constitution a claim upon which relief may be granted.

### Second Affirmative Defense- No Probable Cause

84. Claimants allege that the Plaintiff, United States of America, lacks probable cause to institute this forfeiture action.

### Third Affirmative Defense- Statute of Limitations

85. Claimants allege that the Complaint in its entirety and each and every claim for relief contained therein is barred by the statute of limitations.

### Fourth Affirmative Defense-Innocent Interest – Due Process

86. Claimants assert that their interest in the accounts and properties identified above are innocent, in that claimants had at no time any knowledge of any of the allegedly fraudulent acts or omissions as alleged in the Complaint for Forfeiture.  Accordingly, their interests in these accounts are not subject to forfeiture under the provisions of Title 18, United States Code, § 981, and forfeiture is prohibited by the Due Process Clause of the Fifth Amendment to the United States Constitution.

WHEREFORE, Claimants prays for judgment as follows:

A. Plaintiff's action be dismissed and plaintiff take nothing by way of its Complaint;

B. Claimants' property be released to her free of any encumbrance of the United States or its agents; and

C. For other such relief as the Court deems just and proper.

Respectfully submitted,

/s/
_____
Barry Coburn, admitted pro hac vice
Lloyd Liu, admitted pro hac vice
Coburn & Greenbaum, PLLC
99 Hudson Street
5th Floor
New York, New York  10013
barry@coburngreenbaum.com
Telephone:  (202) 567-5006
Facsimile:   (866) 561-9712

*Counsel for Claimants Padma Allen,
Reddy Allen and Technodyne, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of June, 2012, a copy of the forgoing Notice of Claim was served via ECF upon the following:

Andrew D. Goldstein
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
*Counsel for the United States*

Kiera McFadden-Roan, Esquire
Parker McCay, P.A.
9000 Midlantic Drive, Suite 300
Mount Laurel, NJ 08054
*Counsel for US Bank, NA and The Bank of New York Mellon*

Krishnan Chittur, Esq.
Chittur & Associates, PC
286 Madison Avenue, Suite 1100
New York, New York 10017
*Counsel for Purnachandra Aramalla and Ushachandra Aramalla*

Dated: June 22, 2012            /s/
                                _____
                                Barry Coburn