USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/19/2025_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

ALL FUNDS AND OTHER PROPERTY ON DEPOSIT IN THE NINETEEN BANK ACCOUNTS LISTED ON ATTACHMENT A, AND ALL PROPERTY TRACEABLE THERETO,

and

ALL RIGHT, TITLE AND INTEREST IN THE SEVEN PIECES OF REAL PROPERTY LISTED IN ATTACHMENT B, WITH ALL IMPROVEMENTS, ATTACHMENTS AND EASEMENTS THEREON,

Defendants-in-rem.

12 Civ. 1866 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On March 14, 2012, the Government filed this *in rem* civil forfeiture action, seeking the forfeiture of all right, title, and interest in (1) funds and other property deposited in nineteen bank accounts and (2) seven pieces of real property. *See generally* Compl., ECF No. 1. On April 20, Soundaryamma Chennareddy filed a notice of claim, asserting an interest in two of the bank accounts, ECF No. 8, and on June 22, she filed an answer to the complaint, ECF No. 25. Over the next few years, the Government's causes of action against the Defendant bank accounts and properties were all resolved, except for its claims against the bank accounts claimed by Chennareddy, who took no further action with respect to her claim. ECF No. 87 ¶¶ 3, 20.

Almost ten years later, in September 2021, the Government emailed Chennareddy's counsel to inquire about the status of her claim. *Id.* ¶ 21. Counsel, Barry Coburn, responded that he was no longer involved in the matter and that he "lost touch with [Chennareddy] long ago." *Id.* ¶¶ 22–24. To date, Coburn remains Chennareddy's counsel of record. *Id.* ¶ 29. In February 2024, the matter was reassigned to the undersigned, who granted the Government's request to restore the case to the active trial calendar. *Id.* ¶ 26; ECF Nos. 80–81. By submissions dated March 3 and April 29, 2025, the Government stated that it has been unable to locate contact information for Chennareddy, who left the United States in 2009 and has not returned since. ECF No. 83 at 1; ECF No. 87 ¶¶ 28–29. On April 30, the Court directed Chennareddy to show cause why her claim should not be dismissed for failure to prosecute. ECF No. 88. Two weeks later, Coburn reiterated that he lacks any means to contact his former client. ECF No. 89.

Federal Rule of Civil Procedure 16(f) authorizes a court to impose "any just order[]," including sanctions dismissing an action or striking a party's pleadings under Rule 37(b)(2)(A), if the party fails

to appear at a scheduling conference or otherwise fails to obey a pretrial order.  Fed. R. Civ. P. 16(f)(1); *see also* Fed. R. Civ. P. 37(b)(2)(A)(iii), (v).  Alternatively, Rule 41(b) authorizes a court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal] [R]ules or a court order."  Courts do not agree on whether Rule 41(b) is an appropriate mechanism to dismiss a claim for failure to prosecute in an *in rem* forfeiture proceeding.  *Compare Dosunmu v. United States*, 361 F. Supp. 2d 93, 99–102 (E.D.N.Y. 2005) (dismissing claims under Rule 41(b)), *with United States v. U.S. Currency in the Amount of $600,341.00 in U.S. Currency*, 240 F.R.D. 59, 63–64 (E.D.N.Y. 2007) (dismissing a claim under Rule 37 as opposed to under Rule 41(b)).

Because the Court finds that dismissal would likely be appropriate under either standard, and "in an abundance of caution," *U.S. Currency*, 240 F.R.D. at 63, the Court evaluates only whether Chennareddy's claim should be dismissed under Rule 16(f).  The Court considers "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party has been warned of the consequences of noncompliance."  *United States v. $9,781.41 Formerly on Deposit at Man Fin. Inc.*, No. 07 Civ. 6224, 2009 WL 1684695, at *3 (S.D.N.Y. July 16, 2009) (alteration adopted) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

Here, the factors point in favor of dismissal.  Although the Court cannot conclude that Chennareddy's failure to comply is willful—Chennareddy left the United States in 2009, and there is no indication that she was aware of the Court's order to show cause, ECF No. 87 ¶ 28; ECF No. 89 at 2—Chennareddy has not participated in this case for about thirteen years, nor is she in contact with her counsel of record, ECF No. 89; *see also Dosunmu*, 361 F. Supp. 2d at 101 (explaining that a claimant's absence from the jurisdiction does not excuse failing to comply with court orders).  Given those facts, plus the fact that the Court has warned her that failure to comply with its orders may result in dismissal, ECF No. 88, the Court believes that a lesser sanction would likely be ineffective.

Accordingly, the Court exercises its discretion to dismiss Chennareddy's claim pursuant to Federal Rule of Civil Procedure 16(f)(1).  *See also* Fed. R. Civ. P. 37(b)(2)(A)(v).  As there exist no other pending claims on the relevant property, the Clerk of Court is respectfully directed to enter a default judgment in favor of the United States and against the following two bank accounts:

1. all funds on deposit in Bank of America Account No. 4032028150, held in the name of Kaveri International Inc., d/b/a McCreade Information Technology; and
2. all funds on deposit in PNC Bank Account No. 802999866, held in the name of Soundaryamma Chennareddy.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated:  May 19, 2025
         New York, New York

_____
ANALISA TORRES
United States District Judge

2